### HARP vs. BULL.

*Plaintiff may have leave to withdraw a joinder in demurrer, and after service amend his declaration on payment of costs.*

*It seems that this case decides a new point; whether a joinder in demurrer can be withdrawn, and an amendment to the declaration made, after service of demurrer and joinder, on special motion.*

*April Special Term,* 1847. *Motion by Plaintiff for leave to withdraw a joinder in demurrer, and to amend declaration.*—This was an action for breach of marriage promise, commenced by capias. The declaration contained four counts. The second count was in substance as follows:

"And whereas also heretofore to wit, on the 1st day of May, one thousand eight hundred and forty-six, at Lenox, in said county, in consideration that the said Plaintiff, being then and there unmarried, at the like special instance and request of the said Defendant, had then and there undertaken and faithfully promised the said Defendant to marry him, the said Defendant; he, the said Defendant undertook, and then and there faithfully promised the said Plaintiff to marry her, the said Plaintiff, in a reasonable time, then next following. And the said Plaintiff avers that she confiding in the said last mentioned promise and undertaking of the said Defendant, hath always hitherto remained and continued, and still is sole and unmarried, and hath been for and during all the time last aforesaid, and still is ready and willing to marry the said Defendant, to wit, at Lenox aforesaid. And although a reasonable time for the said Defendant to marry her, the said Plaintiff, hath elapsed, since the making of the said last mentioned promise and undertaking of the said Defendant; yet the said Defendant, not regarding his said last-mentioned promise and undertaking, &c., did not or would within such reasonable time as aforesaid, or at any time afterwards, marry her, the said Plaintiff, but hath neglected and refused so to do, to wit, at Lenox aforesaid, in the county aforesaid."

To which count the Defendant's attorney demurred, and specified the following causes of demurrer.

1st. "The said second count contains no averment of notice to the said Defendant; that she the said Plaintiff was ready and willing to marry him.

2d. The said count contains no averment of any special request made by the said Plaintiff to the said Defendant; that he the said Defendant should marry her the said Plaintiff.

3d. The said count contains no sufficient statement of a special refusal on the part of the Defendant to marry the Plaintiff.

4th. The said count is defective in this; that it does not state with sufficient certainty of time and place, the special request made by the Defendant to marry, and the refusal of the Defendant to marry the Plaintiff.

5th. That the refusal of the Defendant to marry the Plaintiff is not alleged in the said count with a proper degree of certainty as to time and place, &c.

6th. That the breach of the promise to marry, as the same is set forth in the said count, is not sufficiently alleged and stated, and that the said count is in other respects uncertain, informal and insufficient.

7th. That the said second count shows no good and sufficient cause of action against the said Defendant."

Plaintiff's attorney joined in demurrer, and afterwards became satisfied that the second count in the declaration was defective, applied to Defendant's attorney for leave to withdraw the joinder in demurrer, and to amend the second count in the declaration, and offered to pay Defendant's attorney the costs of the demurrer, or such reasonable sum as might be agreed upon; to which proposition and offer Defendant's attorney declined to accede, unless Plaintiff's attorney would amend his replications to Defendant's special pleas, to the 1st, 3d, and 4th counts of the declaration, so as to take issue upon the matters alleged in the pleas; Defendant's attorney supposing the replications defective in that respect. Plaintiff's attorney not consenting to the conditions proposed by Defendant's attorney, served the papers for this motion.

N. F. GRAVES, *Plff's Counsel.*      B. F. CHAPMAN, *Plff's Atty.*

J. H. COLLIER, *Defts Counsel.*      J. G. STOWER, *Defts Atty.*

BRONSON, Chief Justice—Allowed the Plaintiff to withdraw the joinder in demurrer, and amend the second count in the declaration, on payment of costs of demurrer to be taxed. Defendant to have twenty days to demur to the replications, and Plaintiff twenty days to amend.